GELBER, GELBER, & INGERSOLL
    A Law Corporation

DON JEFFREY GELBER 628-0
JOSEPH ALLEN DANE 9170-0
Suite 1400, 745 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-0155
Facsimile: (808) 531-6963
E-Mail: D.J.Gelber@gelberlawyers.com
E-Mail: jdane@gelberlawyers.com

Proposed Counsel for Debtor and
 Debtor in Possession

UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 10-00835 |
| | ) | (Chapter 11) |
| ASI ACQUISITION INC., | ) | |
| a Hawaii corporation | ) | |
| | ) | Judge: Honorable Robert J. Faris |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

2303305.wpd

# MOTION FOR EXTENSION OF TIME TO FILE BANKRUPTCY SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

ASI ACQUISITION INC, debtor and debtor-in-possession (the "Debtor" or "ASI"), hereby moves this Court to extend the time within which the Debtor must file its bankruptcy schedules and statement of affairs from fourteen (14) days following the filing of the Chapter 11 petition for an additional twenty-eight (28) days following the filing of the petition.

This motion is made on the following grounds:

### THE CHAPTER 11 PROCEEDING

1. The Debtor has filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate and manage its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No creditors' committee has been appointed in this case. No trustee or examiner has been appointed.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE DEBTOR'S BUSINESS

5. The Debtor is a Hawaii corporation. The sole asset of the Debtor is 100% of the stock of Aloha Sports, Inc. ("Aloha Sports").

6. Aloha Sports was formerly in the business of managing and operating the Aloha Bowl and the Oahu Bowl, post-season college football "bowl" games. Aloha Sports' operation of its bowl games required the continuing certification of the NCAA, the organization which oversees all college bowl games. After moving the Aloha and Oahu bowls to San Francisco and Seattle, respectively, the NCAA decertified the games, and Aloha Sports' business collapsed. Aloha Sports' only source of operating income was through its bowl games, which have not been held since 2002.

7. Aloha Sports commenced a civil action in Hawaii state court, claiming that the NCAA had engaged in unfair and anti-competitive practices, had intentionally interfered with prospective business advantages, and had breached contracts with Aloha Sports. This litigation, which commenced in 2006, had progressed to the eve of trial when the NCAA filed a motion requesting the enforcement of a purported settlement agreement with Aloha Sports. As detailed in other pleadings filed or to be filed with this Court, the Debtor and Aloha Sports deny the validity and authenticity of the purported settlement and contend that the

release of Aloha Sports' claims would constitute a fraudulent transfer and release under the Bankruptcy Code.

8. This Chapter 11 case and the Chapter 11 case of Aloha Sports have been filed in order to preserve Aloha Sports' state court claims, Aloha Sports' (and, by extension, ASI's) only significant asset, for the benefit of the creditors of the respective companies.

**RELIEF REQUESTED**

9. Under Fed. R. Bankr. P. 1007(c), a debtor is allowed 14 days following the commencement of a bankruptcy proceeding to file the Summary of Schedules, Schedules "A" through "J," and the Statement of Financial Affairs (collectively, the "Schedules"). The Debtor requests the entry of an order extending the time for filing the Schedules for an additional twenty-eight (28) days, i.e. forty-two (42) days following the commencement of this proceeding. This Motion is made without prejudice to the Debtor's rights to request additional time if that shall prove necessary.

10. The Debtor's business has, from the inception of the corporation, been exclusively concerned with its ownership of Aloha Sports. But for the state court litigation, neither the Debtor nor Aloha Sports have conducted any business since 2003. It has no employees, and its records and files have not been assiduously maintained.

11. The Debtor (in cooperation with Aloha Sports) has made preliminary arrangements to hire an accountant to assist in the preparation of the Schedules, and will shortly file an application to employ the accountant. Because the filing of the Debtor's petition for relief coincided with the "tax season," the accountant will require additional time to complete his review of the records of the company and prepare the Schedules.

**AUTHORITY FOR RELIEF**

12. Fed. R. Bankr. P 1007(c) provides that a Court may extend a debtor's time to file the Schedules for "cause shown." In this case, cause exists to extend the time to file the Schedules because of the limited resources at the Debtor's disposal, the lack of business activity except for the prosecution of the lawsuit, and the recent retention of an accountant to assist in the preparation of the Schedules.

13. This Court has previously granted similar relief. See In re Hawaiian Airlines, Inc., Case No. 03-00817 (Bankr. D. Haw. March 24, 2003); In re Aloha AirGroup, Inc., Case No. 04-03063 (Bankr. D. Haw. Jan 2, 2005) (limited extension of 60 days granted); In re Kahuku Hospital, Case No. 07-00176 (Bankr. D. Haw. March 2, 2007); In re Sunra Coffee LLC, Case No. 09-01909 (Bankr. D. Haw. August 27, 2009).

14. Pursuant to Fed. R. Bankr. P 1007(c), the Debtor requests an additional twenty-eight (28) days, i.e. a total of forty-two (42) days, following the commencement of this case, within which to file the required Schedules.

15. This Motion is made pursuant to Fed. R. Bankr. P. 1007(c).

---

WHEREFORE, the Debtor requests that the Court enter an order extending the time for the Debtor to file its Schedules for an additional twenty-eight (28) days, to a total of forty-two (42) days following the commencement of this case (without prejudice to the Debtor's right to seek further extensions if necessary or appropriate).

DATED: Honolulu, Hawaii, April __8__, 2010.

_____
DON JEFFREY GELBER
JOSEPH ALLEN DANE
Proposed Counsel for Debtor and
Debtor in Possession

**MOTION FOR EXTENSION OF TIME TO FILE BANKRUPTCY SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**
*In re ASI Acquisition Inc.*, a Hawaii corporation, Case No. 10-00835, United States Bankruptcy Court, District of Hawaii

-6-

# DECLARATION OF RICHARD O. BANNER

Richard O. Banner declares, under penalty of perjury, that:

1. I make this declaration in support of the Motion for Extension of Time to File Bankruptcy Schedules and Statement of Financial Affairs (the "Motion") intended to be filed concurrently herewith by ASI Acquisition Inc., the Debtor and Debtor in Possession (the "Debtor").

2. I am the President of the Debtor, and I have been designated as the individual responsible for performing the duties of the debtor in possession.

3. I make this declaration based on my own personal knowledge except as otherwise stated and, if called upon to do so, I would and could competently testify to the matters herein contained.

4. I read the foregoing Motion and know the contents thereof. The factual allegations contained in the Motion are true and correct to the best of my knowledge, information, and belief.

[This space has been intentionally left blank.]

-2-

5.  I believe that the Debtor requires additional time in which to prepare and file its bankruptcy schedules and statement of financial affairs, as set forth in the Motion.

DATED: Honolulu, Hawaii, _April 7, 2010_.

_Richard O. Banner_
RICHARD O. BANNER

-2-